UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| ANTHEA K. HENDRIX TOUTGES, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> JENNIFER MCKAIG and ) <br> DENNIS G MCKAIG, ) <br> ) <br> *Defendants*. ) <br> ) | No. 3:19-CV-352 <br> REEVES/POPLIN |

## MEMORANDUM OPINION AND ORDER

This case concerns the limited conservatorship of Joel McKaig. Plaintiff Anthea K. Hendrix Toutges,[1] *pro se*, seeks to remove to this Court the case *In re The Limited Conservatorship of Joel McKaig*, in which she is the most-recent petitioner, and bring additional claims against Jennifer McKaig and Dennis McKaig (collectively "Defendants" or "original Defendants"). Plaintiff has filed her fifth amended complaint without leave of the Court or consent from opposing counsel and has made a flurry of voluminous filings in this case through substantial motion practice. Before the Court are four motions: (1) Plaintiff's motion for leave to proceed in forma pauperis [D. 1, 15]; (2) Defendants' motion to remand to state court [D. 8]; (3) Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted; and (4) Defendants' motion to stay the case [D. 21]. The parties have responded to each and all are ripe for adjudication. Further, as leave to amend has not been granted, the Court will construe Plaintiff's third, fourth, and fifth "Amended Complaints" as motions to amend her complaint.

---
[1] Plaintiff originally listed Joel McKaig as a co-plaintiff but has since conceded that she does not have standing to sue on his behalf.

1

As Plaintiff has blended the removed state court action with further allegations, the Court will attempt to partition the claims accordingly and address each in the proper context. To that end, the Court will first address Plaintiff's motion to proceed *in forma pauperis*, then address Defendant's motion to dismiss, Plaintiff's three additional amended complaints as motions to amend, Defendants' motion for remand, Defendants' motion to stay the case, and, lastly, Defendants' request for attorney's fees under 28 U.S.C. § 1447.

**I.    Background**

Dating back to 2001, there has been litigation regarding the care of Joel McKaig, a ward of the State of Tennessee. *See* Petition for Appointment of Conservator, *In re The Limited Conservatorship of Joel McKaig*, No. 01CH1436 (Anderson Cty. Ch. Ct. May 11, 2001). On May 11, 2001, the State of Tennessee Department of Children's Services petitioned the Anderson County Chancery Court for the appointment of a conservator for Joel McKaig. At some point, Plaintiff, Joel McKaig's mother, was appointed as conservator for Joel McKaig. In August 16, 2018, Plaintiff was relieved of this role and Jennifer McKaig, Joel McKaig's sister, was appointed as conservator pursuant to an Agreed Final Judgment. *See* Agreed Final Judgment, *In re The Limited Conservatorship of Joel McKaig*, No. 01CH1436 (Anderson Cty. Ch. Ct. Aug. 16, 2018).

On November 5, 2018, Plaintiff filed a petition to remove Jennifer McKaig as conservator for Joel McKaig. *See* Amended Petition for Removal of Conservator, *In re The Limited Conservatorship of Joel McKaig*, No. 01CH1436 (Anderson Cty. Ch. Ct. Nov. 5, 2018). Litigation ensued, resulting in a Temporary Restraining Order against Plaintiff. In July 2019, the Anderson County Chancery Court issued another Restraining Order against Plaintiff.

On September 9, 2019, Plaintiff sought to remove her Petition [D. 9, 16], and ultimately the case, to this Court and moved to proceed *in forma pauperis* [D. 1, 15]. After Plaintiff twice

amended her complaint [D. 4, 5], Defendant moved to remand the case back to the Anderson County Chancery Court on September 18, 2019 [D. 8]. Plaintiff responded twice [D. 10, 11]. As Plaintiff's complaint in this case added various federal and state law claims, Defendant also moved to dismiss the case for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted on September 27, 2019 [D. 13]. Plaintiff responded three times [D. 18, 19, 23] and again amended her complaint without leave of the Court or agreement of Defendants on September 30, 2019 [D. 17]. Defendants then moved to stay the case on October 8, 2019 [D. 21], which Plaintiff opposed [D. 22]. Plaintiff and Defendants also replied to the responses to the aforementioned motions. Finally, Plaintiff again amended her complaint without leave of the Court or agreement of the Defendants on October 30, 2019 and November 5, 2019 [D. 27, 28].

## II.     Motions to Proceed *in Forma Pauperis*

Plaintiff seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915. The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed in forma pauperis is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a).

However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins*, 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it

3

states that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Applications to Proceed Without Prepayment of Fees will be granted. However, as the case will be dismissed herein, summons should not be issued.

### III. Motion to Dismiss

Defendants have moved to dismiss the second amended complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. As previously noted, this case involves removal and added claims. The propriety of removal will be discussed *infra*, and the Court's analysis of jurisdiction and sufficiency focus on Plaintiff's additional claims. In the interest of thoroughness, the Court will first address questions of jurisdiction, then turn to the sufficiency of the claims.

#### A. Standard of Review

"[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Courts have not been "willing to abrogate basic pleading essentials in *pro se*

suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases). Liberal federal pleading standards do not permit litigants—even those acting *pro se*—to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding district court's dismissal of *pro se* complaint containing "vague and conclusory allegations unsupported by material facts"); *Janita Theresa Corp. v. United States Attorney*, No. 96–1706, 1997 WL 211247, at *1 (6th Cir. Apr.28, 1997) (upholding district court's dismissal of *pro se* complaint whose allegations were "far too muddled to serve as a basis for a proper suit").

Motions to dismiss for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) generally come in two varieties. First, a facial attack on the basis for subject matter jurisdiction alleged in a complaint merely questions or tests the sufficiency of the pleading. In considering such facial attacks, the correct standard of review for a trial court is to take the allegations of fact in the complaint as being true. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). On the other hand, when a court reviews a complaint which is under factual attack by a defendant, the allegations of fact in the complaint are not presumed to be true. If there is a factual dispute, the district court must weigh the conflicting evidence to determine whether jurisdiction exists. The district court has broad discretion to consider affidavits, documents outside the complaint, and to even conduct a limited evidentiary hearing, if necessary, to resolve disputed jurisdictional facts. *Id.* Consideration of such evidence does not convert the motion into one for summary judgment.

When considering a motion to dismiss under Rule 12(b)(6), a court must accept the complaint's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). A court may not

grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), but the court need not accept naked assertions, such as "legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Indeed, "[the] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988).

### B. Subject Matter Jurisdiction

Defendants have attacked the sufficiency of jurisdiction based on the complaint itself, which is a facial attack. As such, the Court construes the allegations of fact in the complaint as being true.

In considering whether to dismiss a complaint for lack of subject matter jurisdiction, the plaintiff bears the burden of providing the existence of subject matter jurisdiction. *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2006). A plaintiff, even one who is proceeding *pro se*, must comply with basic pleading requirements and is prohibited from "simply referencing a federal statute or constitutional provision" *Bryant v. U.S. Atty. Gen.*, 2006 WL 2612730 at *1, 3 (E.D. Tenn. Sept 8, 2006).

Sections 1331 and 1332 set forth the statutory bases for this court's subject matter jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Section 1331 governs "federal question jurisdiction, which requires a plaintiff to plead a colorable claim that arises under the United States Constitution or federal statutes enacted by Congress." *See* 28 U.S.C. § 1331. Section 1332 applies to case arising under diversity jurisdiction. *See* 28 U.S.C. § 1332.

6

Here, Plaintiff asserts that this Court "has original jurisdiction under 28 U.S.C. § 1331"[2] and references several federal statutes. However, these unexplained references to federal statutes fall short of even the lenient pleading standards afforded to *pro se* plaintiffs. As is discussed *infra*, the federal statutes cited to do not provide a cause of action and, likewise, do not provide a basis for federal question jurisdiction.

As for diversity jurisdiction, Plaintiff has not alleged a basis for diversity jurisdiction beyond a checked box on the civil cover sheet. Nevertheless, Plaintiff does allege that she is a resident of Tennessee, Jennifer McKaig is a resident of New York, and Dennis McKaig is a resident of California, satisfying the diversity requirement. However, Plaintiff has not alleged damages, instead seeking injunctive relief. In actions seeking equitable relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). The value of the object of the litigation "is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation." *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011) (quoting *Lodal, Inc. v. Home Ins. Co. of Ill.*, No. 95-2187, 156 F.3d 1230, 1998 WL 393766, at *2 (6th Cir. June 12, 1998)). Here, Plaintiff has sought the dissolution of a state court's injunction, transfer of conservatorship, mandatory family therapy, injunctive relief against Defendants from "disparaging" Plaintiff, compelled transfer of the state court case, removal of the state court judge, and replacement of Joel McKaig's guardian ad litem and attorney ad litem. Much of this relief sought is well beyond the limited power and authority of this Court. The forms of relief that may be valid have not been alleged to, nor appear to, exceed the $75,000 threshold.

---

[2] Plaintiff further asserts that, beyond federal questions jurisdiction, the case is one which may be removed to this Court . . . pursuant to the provisions of 28 U.S.C. § 1441(a)." As removal jurisdiction is addressed in the section regarding Defendants' motion to remand, the Court will discuss this basis for jurisdiction separately.

Because Plaintiff has not alleged a valid federal question or a sufficient basis for diversity jurisdiction, Plaintiff has not met her burden of providing the existence of subject matter jurisdiction.

### C. Failure to State a Claim Upon Which Relief May Be Granted

Though the Court has found that it lacks jurisdiction over the case, the unusual circumstances regarding the timing and type of filings warrant further review of the substance of the claims. Plaintiff brings several claims under federal and state statutes and appears to assert other state law claims. Each will be addressed in turn.

First, Plaintiff brings claims under 18 U.S.C. §§ 241 and 242, presumably alleging that Defendants conspired to deprive her of her rights through the conservatorship dispute. However, these statutes merely define the elements of criminal civil rights violations. They do not provide a basis for a civil cause of action. *See, e.g.*, *Hayes v. Cowans*, No. 14-2366-STA-DKV, 2014 WL 2972298, at *9 (W.D. Tenn. July 2, 2014). Consequently, Plaintiff fails to state a claim for which relief may be granted by alleging violations of these criminal statutes.

Second, Plaintiff claims violations of 28 U.S.C. § 144. However, this statute only provides for removal of a judge in a "proceeding in a district court." 28 U.S.C. § 144. This statute is only applicable to federal judges and inapplicable to state court judges. Likewise, this statute does not provide a civil cause of action as against these defendants.

Third, Plaintiff appears to claim violations of 42 U.S.C. § 1983. Section 1983 provides a federal cause of action against state officials for the deprivation of constitutional rights under color of state law. To establish a valid claim under § 1983, a claimant must show (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the

8

United States. *King v. City of Eastpointe*, 86 F. App'x 790, 801 (6th Cir. 2003). (citations omitted). Here, neither defendant can be charged with acting "under color of state law" because both Defendants were and are private citizens. Involvement in litigation does not mean that a party is acting under color of state law. As a result, this statute does not provide a civil cause of action as against these defendants.

Fourth, Plaintiff claims violations of Tenn. Code Ann. § 34-1-107. However, this statute merely outlines the procedures and powers for court appointed guardians ad litem and do not provide a civil cause of action. Further, Defendants are not guardians ad litem nor agents of the Court and could bear no culpability even if the statute did create a cause of action. Consequently, Plaintiff fails to state a claim for which relief may be granted for alleging violations of these state statutes.

Fifth, Plaintiff claims violations of Tenn. Code Ann. § 33-3-107(a)(2), presumably intending to raise a claim under Tenn. Code Ann. § 34-4-107(a)(2). However, this statutory section merely provides for the required contents of an order appointing a conservator in Tennessee state courts. It does not provide for a civil cause of action.

Sixth, Plaintiff appears to also allege that Defendants defamed her. A valid defamation claim under Tennessee law requires a plaintiff to "establish that: 1) a party published a statement; 2) with knowledge that the statement is false and defaming to the other; or 3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571-72 (Tenn. 1999) (citing RESTATEMENT (SECOND) OF TORTS § 580 B (1977)). "[T]he preliminary question of whether a statement 'is capable of conveying a defamatory meaning' presents a question of law." *Aegis Scis.*

*Corp. v. Zelenik*, No. M2012-00898-COA-R3CV, 2013 WL 175807, at *6 (Tenn. Ct. App. Jan. 16, 2013) (citing *Revis v. McClean*, 31 S.W.3d 250, 253 (Tenn. Ct. App. 2000)).

Here, Plaintiff has broadly alleged that the original Defendants "defamed" her on several occasions to several individuals. The only substantive allegation is that Dennis McKaig stated that Plaintiff "greatly wronged" Joel McKaig in a California lawsuit seeking to remove Plaintiff's medical conservatorship. This statement alone is an expression of opinion insufficient to convey defamatory meaning. Further, as Plaintiff alleges that the statement was made in a judicial proceeding, it would enjoy an absolute privilege against a claim for defamation, even if the statements were "made maliciously and corruptly." *Lambdin Funeral Serv., Inc. v. Griffith*, 559 S.W.2d 791, 792 (Tenn. 1978) (quoting *Hayslip v. Wellford*, 263 S.W.2d 136 (Tenn. 1953)). Plaintiff also alleges that Dennis McKaig "filed false claims of abuse with Adult Protective Services to defame" Plaintiff. However, Plaintiff does not allege any substance to this allegation or negligence or recklessness as to any falsity. Such "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" do not suffice to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Lastly, to the extent that Plaintiff attempts to re-litigate decisions made or remove the legal questions in the underlying state court dispute, those claims are discussed *infra* regarding Defendants' motion for remand.

### D. Conclusion

In sum, the Court does not have subject matter jurisdiction over the case and none of the claims raised by Plaintiff under Federal or state law provide a legal basis for relief or fail to plausibly plead a claim upon which relief may be granted by this Court.

As an overarching matter, the Court notes that it does not have legal authority to intervene in a pending state court action, compel a state court judge to rule differently, or remove a state court judge from a case. *See, e.g.*, *Lathan v. Goulding*, No. 3:16-CV-01519, 2018 WL 3222594, at *2 (N.D. Ohio July 2, 2018). Federal District Courts are not appellate courts over the state court system and have no general power to puppeteer state court actions. Rather, Federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").

Further, our structure of government urges federal courts to abstain from exercising jurisdiction over a claim when ruling on the claim would interfere with ongoing state proceedings. *See Younger v. Harris*, 401 U.S. 37, 41 (1971) ('[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.')."

### IV. Motion to Amend

Plaintiff has also sought to amend her complaint on multiple occasions in an attempt to cure the pleading deficiencies argued by Defendants and add several parties to the action. The proposed amended complaints would add the Honorable M. Nicole Cantrell, Anderson County Chancellor, Jennifer Chadwell, guardian ad litem for Plaintiff's son Joel McKaig, Jodi Loden, attorney for Defendants in the underlying state court action, and Rakesh Amin, a doctor who evaluated Joel McKaig (collectively "proposed additional Defendants"). Additionally, Plaintiff alleges further bases for federal question and diversity subject matter jurisdiction, new factual

allegations regarding the proposed additional defendants, and a series of new forms of relief sought, including punitive damages and various restraining orders and injunctions. This additional relief requested seeks to exceed the amount-in-controversy deficiencies of earlier pleadings.

### A. Standard of Review

Rule 15(a) of the Federal Rules of Civil Procedure allows for the amendment of pleadings prior to trial. After a certain point though, a party may amend her complaint "only with the opposing party's written consent or the court's leave," which is to be given freely "when justice so requires." FED. R. CIV. P. 15(a)(2). The Court has discretion to deny leave to amend for a variety of reasons, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is considered "futile" when it would not survive a motion to dismiss. *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015). A court is prohibited from looking to facts outside the proposed amended pleading when determining whether the amendment is futile. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420–21 (6th Cir. 2000). The standards of review of a motion to dismiss, and thereby futility, have been discussed *supra*. However, the Court reiterates that if there is an "absence of law to support the type of claim made," then dismissal of the action is proper. *See, e.g.*, *Allen v. Anderson Windows, Inc.*, 913 F. Supp. 2d 490, 498 (S.D. Ohio 2012).

### B. Analysis

The proposed amendments are futile under both federal and state law. Likewise, the jurisdictional allegations fail to establish subject matter jurisdiction. The Court will address both deficiencies.

### 1. Jurisdictional Claims

Plaintiff's basis for federal question jurisdiction under Section 1331 has not changed and fails as before. However, Plaintiff has added a reference to 28 U.S.C. § 1332 in an attempt to establish diversity jurisdiction. To that end, Plaintiff seeks $250,000 in damages from Dennis and Jennifer McKaig, $100,000 from Jodi Loden, attorney for the McKaig Defendants, and $250,000 from Dr. Rakesh Amin, a doctor who evaluated Joel McKaig.

In regards to the jurisdictional basis for Plaintiff's new claims against the proposed additional Defendants, there is no valid federal question, as the statutes referenced, as before, do not provide for a cause of action. Additionally, while Plaintiff has alleged an amount in controversy in excess of the statutory threshold against the proposed additional Defendants, she also alleges that the parties are residents of Tennessee, thereby destroying diversity.

### 2. Federal Law Claims

To the extent that Plaintiff alleges improper conduct against Chancellor Cantrell, the federal basis for the claim, 28 U.S.C. § 144, only provides for removal of a judge in a "proceeding in a district court" 28 U.S.C. § 144. Consequently, this statute is only applicable to federal judges and inapplicable to state court judges.

To the extent that Plaintiff alleges defamation, perjury, and breach of fiduciary duties against Jennifer Chadwell, Jodi Loden, and Rakesh Amin, the basis for these claims is not supported by the federal law asserted. 28 U.S.C. 4101 provides definitions for the recognition of foreign judgments, including defamation judgments of a prior, foreign court. It does not provide for a federal defamation cause of action. 18 U.S.C. § 1621 defines perjury for federal criminal purposes and does not provide for a civil perjury cause of action. Likewise, there is not basis in federal law for a breach of fiduciary duty claim.

### 3. State Law Claims

To the extent that Plaintiff alleges state-law claims of defamation, medical negligence, and breach of fiduciary duties against Jennifer Chadwell, Jodi Loden, and Dr. Rakesh Amin, these claims are likewise futile.

A valid defamation claim under Tennessee law requires a plaintiff to "establish that: 1) a party published a statement; 2) with knowledge that the statement is false and defaming to the other; or 3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571-72 (Tenn. 1999) (citing RESTATEMENT (SECOND) OF TORTS § 580 B (1977)). "[T]he preliminary question of whether a statement 'is capable of conveying a defamatory meaning' presents a question of law." *Aegis Scis. Corp. v. Zelenik*, No. M2012-00898-COA-R3CV, 2013 WL 175807, at *6 (Tenn. Ct. App. Jan. 16, 2013) (citing *Revis v. McClean*, 31 S.W.3d 250, 253 (Tenn. Ct. App. 2000)). Plaintiff has only alleged that the original Defendants "defamed" her. Further, Plaintiff has not alleged any factual basis to find a valid claim of defamation against any of the proposed additional Defendants.

As for the breach of fiduciary duty claim, Plaintiff points to Tenn. Code Ann. § 34-1-107(d) as its basis. However, Tenn. Code Ann. § 34-1-107(d) outlines the duty of guardians ad litem appointed by Tennessee state courts and does not provide a basis to sue for breach of that duty. To state a claim for breach of a fiduciary duty, a plaintiff must demonstrate "(1) a fiduciary relationship, (2) breach of the resulting fiduciary duty, and (3) injury to the plaintiff or benefit to the defendant as a result of that breach." *In re Estate of Potter*, 2017 WL 4546788, at *2 (Tenn. Ct. App. Oct. 11, 2017). In Tennessee, "a guardian ad litem owes no duty to the parents of the

[individual] whom she is appointed to represent." *Winchester v. Little*, 996 S.W.2d 818, 826 (Tenn. Ct. App. 1998).

As for the "medical negligence" claim against Dr. Rakesh Amin, it is also futile as there are no factual allegations to support a finding of negligence as against Plaintiff. To establish a medical malpractice claim, a plaintiff would bear the burden of proving by expert testimony:

> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
> (3) As a proximate result of the defendant's alleged act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29–26–115(a); *see also Cherry v. Macon Hosp., Inc.*, 45 F. Supp. 3d 781, 789 (M.D. Tenn. 2014). Plaintiff has made numerous allegations in regards to Dr. Amin's medical relationship with Joel McKaig, but has not alleged any duty owed by Dr. Amin to Plaintiff, let alone a breach of that duty, actual or proximate causation, or damages attributable to Dr. Amin. Likewise, there are no factual allegation, beyond conclusory assertions and unwarranted inferences, that Dr. Amin violated a standard of acceptable professional practice or acted with less than ordinary or reasonable care.

Also, any abuse of process claim against Jodi Loden is futile. To establish a claim for abuse of process in Tennessee, two elements must be alleged: "(1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge." *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 555 (Tenn. 1999) (citations omitted). Plaintiff alleges that Loden "fabricated" an affidavit which "was the basis for turning a restraining order . . . into a No-Contact

Order." However, Plaintiff also alleges that Dr. Rakesh signed the affidavit, thereby verifying its contents, and the Chancery Court acted on it, thereby making a finding of credibility. Even presuming an ulterior motive, these allegations fail to demonstrate an act in the use of process "other than such as would be proper in the regular prosecution of the charge." *Id.* Absent a truly improper act in the use of process, Plaintiff fails to state a claim upon which relief may be granted against Jodi Loden. *See id.* at 555–56.

### C. Conclusion

In sum, none of the legal bases alleged provide a foundation for the claims proposed by Plaintiff against the proposed additional Defendants or cure the defects of the complaint as against the original Defendants. Additionally, the Court notes that there are numerous jurisdictional defects in the claims, as they do not arise under federal question jurisdiction and, as the proposed additional Defendants are all Tennessee residents like Plaintiff, there is no diversity jurisdiction. Because the third, fourth, and fifth amended complaints would be futile, the Court construes these filings as motions to amend, which will be denied.

### V. Motion for Remand

Plaintiff also purports to remove the state court action regarding Joel McKaig's conservatorship to this Court under 28 U.S.C. § 1441. Defendants have moved to remand the case for lack of jurisdiction. The Court must remand any and all portions of the state court action for several reasons.

### A. Removal Jurisdiction

As the party seeking removal under Section 1441, Plaintiff bears the burden of establishing that the district court would have had original jurisdiction over the matter had she filed the case in federal court in the first instance. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir.

16

2006); *see also* 28 U.S.C. § 1441. Original jurisdiction can be established by either diversity or federal question jurisdiction, as discussed *supra*.

The question of jurisdiction "is determined at the time of removal," *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007), and application of "the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman*, 438 F.3d at 550 (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)).

### 1. Removal Jurisdiction Deficiencies

Two aspects of Section 1441 itself fail to provide removal jurisdiction in this case. First, Section 1441 only provides for the removal of suits to Federal court by *defendants*. *See, e.g.*, *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants."). Plaintiff cannot remove a state court action merely because she does not agree with the state court's rulings. She must instead seek recourse from the Tennessee Court of Appeals at the time that such an appeal is proper. Even if the Court were to construe Plaintiff as a defendant in the state court action, the original basis for the case contained no reference to federal law, as discussed *infra*, and removal would have to be based in diversity jurisdiction. However, under 28 U.S.C. § 1441(b)(2), a "civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441. Thus, if Plaintiff is construed as a defendant in the underlying suit, she is statutorily barred from removing the case to a Federal court sitting in Tennessee.

Second, the removal was not timely. Under 28 U.S.C. § 1446, removal must generally occur within 30 days of a defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b). The

relevant "initial pleading" is Plaintiff's petition to remove Jennifer McKaig as conservator for Joel McKaig, which was filed and served in November 2018. Nothing in the course of the subsequent litigation rendered the previously irremovable case removable. *See* 28 U.S.C. § 1446(b)(3). Even if Plaintiff could remove her own petition to this Court, she did not do so in the time required by statute.

### 2. Diversity Jurisdiction Deficiencies

Even absent the removal deficiencies, this Court could not have had original diversity jurisdiction over the claim. In determining whether diversity jurisdiction exists, a district court must look to the complaint at the time of removal and "assess the amount in controversy based on the face of the complaint." *Compass Grp. USA, Inc. v. Eaton Rapids Pub. Sch.*, 349 F. App'x 33, 35 (6th Cir. 2009).

The original petition in the underlying case does not include a claim for damages and generally seeks to have Jennifer McKaig removed as conservator for Joel McKaig. In light of the uniqueness of this circumstance, the Court cannot determine the value of the object of such a petition. This is because Plaintiff has alleged no basis for a value determination. Since "all doubts" are resolved in favor of remand, *Eastman*, 438 F.3d at 550, this pleading deficiency is fatal to a finding that the Court possibly had original diversity jurisdiction.

### 3. Federal Question Jurisdiction Deficiencies

This Court could not have had original federal question jurisdiction over the claim either. As all the original bases for the underlying petition find their origin in Tennessee law, there was no federal question before the state court.

18

### B. Conclusion

In sum, Plaintiff had no power to remove the state action to this Court under 28 U.S.C. § 1441 and this Court must remand the case back to the Anderson County Chancery Court.

## VI. Motion to Stay

In order to combat the flurry of filings in this case, Defendants moved to stay the case. As the Court already disposes of the case herein, this motion will be denied as moot.

## VII. Request for Attorney's Fees

Defendants also seek an award of costs, expenses, and attorney's fees under 28 U.S.C. § 1447. Under Section 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

Absent "unusual circumstances," the Supreme Court instructs that fee awards are appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The costs-and-fees provision in § 1447(c) was intended to permit removal in appropriate cases, while simultaneously "reduc[ing] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Id.* at 140. When exercising discretion regarding fee awards, a district court should aim to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.*; *see also A Forever Recovery, Inc. v. Twp. of Pennfield*, 606 F. App'x 279, 282 (6th Cir. 2015). In general, objectively unreasonable removals should result in fee awards to plaintiffs. *A Forever Recovery, Inc.*, 606 F. App'x at 282.

Here, Plaintiff is proceeding *pro se* and has moved to file *in forma pauperis*. This fact, in and of itself, does not provide a license to abuse the judicial system. Plaintiff attempted to untimely remove a state court action to this Court when she clearly had no power to do so. Plaintiff then attempted to cloak the removal with invalid federal and state law claims in an attempt to conjure jurisdiction. When the original Defendants made those issues apparent, Plaintiff inundated the Court and opposing counsel with voluminous filings and improperly amended complaints. All of this occurred because of Plaintiff's strong, yet incorrect, belief that she stood on solid legal footing. Nevertheless, in view of the unusual circumstances of this case and timely motions for remand and dismissal, thereby avoiding the need for protracted litigation, the Court will not award fees and costs under 28 U.S.C. § 1447(c).

### VIII. Conclusion

Therefore, Plaintiff's motions to proceed *in forma pauperis* [D. 1, 15] is **GRANTED**. Defendants' motion to dismiss [D. 13] is **GRANTED**. Plaintiff's amended complaints [D. 17, 27, 28] are construed as motions to amend, which are **DENIED**. Defendants' motion for remand [D. 8] is **GRANTED**. Defendants' motion to stay [D. 21] is **DENIED as moot**. Defendants' request for an award of attorney's fees [D. 8] is **DENIED**. In a contemporaneously filed judgment with this memorandum opinion and order, this action will be **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**